KRASELNIK & LEE, PLLC
Robert L. Kraselnik (RK 0684)
C.K. Lee (CL 4086)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1189
Fax: 212-465-1181
*Attorneys for Plaintiffs, FLSA Collective Plaintiffs
and the Class members*

JUDGE STANTON

11 CV 2490

RECEIVED
APR 1 2 2011
U.S.D.C. S.D. N.Y.
CASHIERS

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

MIGUEL MARTE and CARLOS ARCOS,
on behalf of themselves and others similarly situated
and the proposed Rule 23 Class,

               Plaintiffs,

         v.

ENERGY RESOURCES PERSONNEL LLC,
PUMP HOLDINGS, LLC,
THE PUMP CATERING COMPANY LLC,
PUMP AND MUNCH, INC.,
PUMP AND MUNCH II, INC.,
PUMP 17TH STREET LLC,
PUMP 275 MADISON AVE RESTAURANT
OPERATING LLC, PUMP 52ND STREET LLC,
PUMP 80 PINE LLC,
55TH STREET RESTAURANT OPERATING LLC,
ADAM ESKIN and DANIEL LACHS,

               Defendants.

Case No.:

CLASS AND COLLECTIVE
ACTION COMPLAINT

---

Plaintiffs, MIGUEL MARTE and CARLOS ARCOS (each, a Plaintiffs and

together, "Plaintiffs"), on behalf of themselves and others similarly situated, by and

through their undersigned attorneys, hereby files this class and collective action

Complaint against Defendants, ENERGY RESOURCES PERSONNEL LLC, PUMP

1

HOLDINGS, LLC, THE PUMP CATERING COMPANY LLC, PUMP AND MUNCH, INC., PUMP AND MUNCH II, INC., PUMP 17TH STREET LLC, PUMP 275 MADISON AVE RESTAURANT OPERATING LLC, PUMP 52ND STREET LLC, PUMP 80 PINE LLC and 55TH STREET RESTAURANT OPERATING LLC (collectively, the "Corporate Defendants") and Defendants, ADAM ESKIN and DANIEL LACHS (each an "Individual Defendant" and together with the Corporate Defendants, the "Defendants") and state as follows:

## INTRODUCTION

1. Plaintiffs allege, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that they are entitled to recover from Defendants: (1) unpaid minimum wages, (2) unpaid overtime premium, (3) liquidated damages and (4) attorneys' fees and costs.

2. Plaintiffs further alleges that, pursuant to the New York Labor Law ("NYLL"), they are entitled to recover from Defendants: (1) unpaid minimum wages, (2) unpaid overtime premium, (3) unpaid spread of hours premium, (4) liquidated damages, and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

5. Plaintiffs are residents of Bronx County, New York.

6. Upon information and belief, Defendants own and operate a number of restaurants doing business as, and under the common brand of, "The Pump Energy Food," including five restaurants located at (i) 80 Pine Street, New York, New York, (ii) 17 East 17th Street, New York, New York, (iii) 275 Madison Avenue, New York, New York, (iv) 150 East 52nd Street, New York, New York and (v) 40 West 55th Street (collectively, the "Pump Restaurants").

7. Upon information and belief, Defendants operate the Pump Restaurants as a common unified enterprise.

8. Plaintiffs were employed by Defendants at various Pump Restaurants, located throughout New York City, New York.

9. Defendant, ENERGY RESOURCES PERSONNEL LLC, is a New York limited liability company with an address for service of process at CORPORATION SERVICE COMPANY, 80 STATE STREET, ALBANY, NEW YORK, 12207.

10. Defendant, PUMP HOLDINGS, LLC, is a Delaware limited liability company doing business in New York State with an address for service of process at 40 EAST 34TH STREET, SUITE 1117, NEW YORK, NEW YORK, 10016.

11. Defendant, THE PUMP CATERING COMPANY LLC, is a New York limited liability company with an address for service of process at CORPORATION SERVICE COMPANY, 80 STATE STREET, ALBANY, NEW YORK, 12207.

12. Defendant, PUMP AND MUNCH, INC., is a New York corporation with an address for service of process at CORPORATION SERVICE COMPANY, 80 STATE STREET, ALBANY, NEW YORK, 12207.

3

13. Defendant, PUMP AND MUNCH II, INC., is a New York corporation with an address for service of process at CORPORATION SERVICE COMPANY, 80 STATE STREET, ALBANY, NEW YORK, 12207.

14. Defendant, PUMP 17TH STREET LLC, is a Delaware limited liability company with an address for service of process at CORPORATION SERVICE COMPANY, 80 STATE STREET, ALBANY, NEW YORK, 12207.

15. Defendant, PUMP 275 MADISON AVE RESTAURANT OPERATING LLC, is a New York limited liability company with an address for service of process at CORPORATION SERVICE COMPANY, 80 STATE STREET, ALBANY, NEW YORK, 12207.

16. Defendant, PUMP 52ND STREET LLC, is a Delaware limited liability company with an address for service of process at CORPORATION SERVICE COMPANY, 80 STATE STREET, ALBANY, NEW YORK, 12207.

17. Defendant, PUMP 80 PINE LLC, is a Delaware limited liability company with an address for service of process at CORPORATION SERVICE COMPANY, 80 STATE STREET, ALBANY, NEW YORK, 12207.

18. Defendant, 55TH STREET RESTAURANT OPERATING LLC, is a New York limited liability company with an address for service of process at CORPORATION SERVICE COMPANY, 80 STATE STREET, ALBANY, NEW YORK, 12207.

19. Upon information and belief, each of the Individual Defendants is an owner, senior executive officer and/or principal of the Corporate Defendants.

4

20.   Upon information and belief, Defendant ADAM ESKIN is the controlling owner and chief executive officer of each of the Corporate Defendants, or who otherwise has control over each of the Corporate Defendants.

21.   Upon information and belief, Defendant DANIEL LACHS is the Corporate Executive Chef of the Pump Restaurants.

22.   Upon information and belief, each of the Individual Defendants is an "employer" of Plaintiffs and others similarly situated and who exercised control over the terms and conditions of employment of Plaintiffs and similarly situated employees. Each of the Individual Defendants also had the power to (i) fire and hire Plaintiffs and similarly situated employees, (ii) determine rate and method of pay, (iii) determine employee schedules, and (iv) otherwise affect the quality of employment of Plaintiffs and similarly situated employees.

23.   At all relevant times, each of the Corporate Defendants was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

24.   At all relevant times, the work performed by Plaintiffs, the FLSA Collective Plaintiffs and the Class Members was directly essential to the enterprise operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

25.   Plaintiffs bring claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt persons employed by Defendants on an hourly basis on or after the date that is three years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

26.    At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them the proper minimum wage and overtime premium at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek. The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

27.    The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available form the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

28.    Plaintiffs bring claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt persons employed by Defendants on an hourly basis as an employee on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

29.    All said persons, including Plaintiffs, are referred to herein as the "Class." The class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determinable

from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

30.    The proposed Class is numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than forty (40) members of the Class.

31.    Plaintiffs' claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage, overtime compensation and "spread of hours" premium. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

32.    Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

33.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy -- particularly in the context of the wage and hour

litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because of losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

34.    Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and

future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

35. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a) Whether Defendants employed Plaintiffs and the Class within the meaning of the New York law;

b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

c) At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay the Class members for their work;

d) Whether Defendants illegally retained portions of Plaintiffs' and the Class members' tips;

e) Whether Defendants properly gave Plaintiffs and Class members notice that Defendants were taking a tip credit against Plaintiffs' and the Class members' compensation.

f) Whether Defendants properly gave Plaintiffs and Class members notice of the amount of tip credit taken against Plaintiffs' and the Class members' compensation for every payment period.

g) Whether Defendants paid Plaintiffs and Class members the federal and state minimum wage for all hours worked;

    h)  Whether Defendants properly compensated Plaintiffs and Class members for overtime under state and federal law; and

    i)  Whether Defendants paid Plaintiffs and the Class members the New York State "spread of hours" premium when their workdays exceeded ten hours.

### STATEMENT OF FACTS

36.   In or about February 2008, Plaintiff MARTE was hired by Defendants to work as an hourly employee. His duties included, but were not limited to, making food deliveries to customers, packing delivery orders and general cleaning. Plaintiff MARTE worked at the Pump Restaurant located at 17 East 17th Street, New York, New York and also at a predecessor Pump Restaurant located on 21st Street, New York, New York, which has since closed.

37.   Plaintiff MARTE was employed by Defendants until in or about April 2, 2011. He regularly worked up to 40 hours per week. He was compensated at an hourly rate of approximately $5.00 per hour.

38.   Plaintiff ARCOS was hired by Defendants to work as an hourly employee in 2001. His duties included, but were not limited to, making food deliveries to customers, packing delivery orders and general cleaning. Plaintiff ARCOS worked at each of the five Pump Restaurant located throughout New York City.

39.   Plaintiff ARCOS was employed by Defendants until in or about December 2010. From 2001 to 2006, Plaintiff ARCO regularly worked six days per week, twelve hours per day. From 2006 to 2010, he regularly worked up to 40 hours per week. During the period of his employment, Plaintiff ARCOS was paid an hourly rate of approximately

$3.00 per hour in 2001, gradually increasing up to $5.00 per hour at the end of his employment.

40.   During the relevant period of employment, Defendants knowingly and willfully retained and apportioned to managers portions of tips of Plaintiffs, FLSA Collective Plaintiffs and Class members.

41.   During the relevant period of employment, Plaintiffs, FLSA Collective Plaintiffs and Class members were not properly notified by Defendants that Defendants were taking a tip credit against their compensation.  Defendants also failed to properly notify Plaintiffs, FLSA Collective Plaintiffs and Class members of the amount of tip credit taken for every payment period.

42.   The workdays of Plaintiffs, the FLSA Collective Plaintiffs, and members of the Class regularly exceeded ten hours yet they did not receive any spread of hour pay as required under New York State law.

43.   Defendants unlawfully failed to pay the Plaintiffs, the FLSA Collective Plaintiffs, and members of the Class the Federal and State minimum wage for all hours worked.

44.   Defendants unlawfully failed to pay the Plaintiffs, the FLSA Collective Plaintiffs, and members of the Class one-and-one-half times New York State and federal minimum wage for hours they worked over 40 in a workweek.

45.   Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the state minimum wage to the Plaintiffs, the FLSA Collective Plaintiffs, and Class members.

46.   Defendants knowingly and willfully operated their business with a policy of

not paying the New York State "spread of hours" premium to Plaintiffs and other Class members.

47.    Plaintiffs retained Kraselnik & Lee, PLLC to represent Plaintiffs, the FLSA Collective Plaintiffs, and Class members in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

48.    Plaintiffs reallege and reaver Paragraphs 1 through 47 of this class and collective action Complaint as if fully set forth herein.

49.    At all relevant times, upon information and belief, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiffs and the FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

50.    At all relevant times, Defendants employed Plaintiffs and the FLSA Collective Plaintiffs within the meaning of the FLSA.

51.    At all relevant times, each Corporate Defendant had gross annual revenues in excess of $500,000.

52.    At all relevant times, the Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiffs and the FLSA Collective Plaintiffs for their hours worked.

53.    Defendants failed to pay Plaintiffs and the FLSA Collective Plaintiffs the

legally required minimum wages in the lawful amount for their hours worked.

54.    At all relevant times, Defendants retained and continue to retain portions of tips of Plaintiffs and the FLSA Collective Plaintiffs.

55.    Records, if any, concerning the number of hours worked by Plaintiffs and the FLSA Collective Plaintiffs and the actual compensation paid to Plaintiffs and the FLSA Collective Plaintiffs should be in the possession and custody of the Defendants. Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

56.    Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and the FLSA Collective Plaintiffs at the statutory rate of time and one-half for their hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

57.    Defendants failed to properly disclose or apprise Plaintiffs and the FLSA Collective Plaintiffs of their rights under the FLSA.

58.    As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs and the FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

59.    Due to the intentional, willful and unlawful acts of Defendants, Plaintiffs and the FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of improperly retained tips, unpaid minimum wages, unpaid overtime wages, plus an equal amount as liquidated damages.

60.    Plaintiffs and the FLSA Collective Plaintiffs are entitled to an award of their

reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## <u>VIOLATION OF THE NEW YORK LABOR LAW</u>

61.    Plaintiffs reallege and reaver Paragraphs 1 through 60 of this class and collective action Complaint as if fully set forth herein.

62.    At all relevant times, Plaintiffs and Class members were employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

63.    Defendants retained and continue to retain portions of Plaintiffs' tips and Class members' tips.

64.    At all relevant times, Defendants failed to properly give Plaintiffs and Class members notice that Defendants were taking a tip credit against Plaintiffs' and the Class members' compensation.

65.    At all relevant times, Defendants failed to properly give Plaintiffs and Class members notice of the amount of tip credit taken against Plaintiffs' and the Class members' compensation for every payment period.

66.    At all relevant times, Defendants willfully violated Plaintiffs' and Class members' rights by failing to pay Plaintiffs and Class members minimum wages in the lawful amount for hours worked

67.    Plaintiffs and the Class members regularly worked more than ten (10) hours in a workday. Defendants willfully violated Plaintiffs' and Class members' rights by failing to pay "spread of hours" premium to Plaintiffs and Class members for each day they worked ten (10) or more hours.

68. Due to the Defendants' New York Labor Law violations, Plaintiffs and Class members' are entitled to recover from Defendants their improperly retained tips, unpaid minimum wage, unpaid spread of hours premium and unreasonably delayed payments, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law §663(1).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs on behalf of the FLSA Collective Plaintiffs and the Class members, respectfully request that this Court grant the following relief:

a.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b.  An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.  An award of unpaid minimum wages due under the FLSA and the New York Labor Law;

d.  An award of unpaid "spread of hours" premium due under the New York Labor Law;

e.  An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay minimum wage pursuant to 29 U.S.C. § 216;

f.    An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay minimum wage, and "spread of hours" premium pursuant to the New York Labor Law;

g.    An award of prejudgment and postjudgment interest;

h.    An award of costs and expenses of this action together with reasonable attorneys' and expert fees;

i.    Designation of Plaintiffs as the Representatives of the FLSA Collective Plaintiffs;

j.    Designation of this action as a class action pursuant to F.R.C.P. 23;

k.    Designation of Plaintiffs as the Representatives of Class; and

l.    Such other and further relief as this Court deems just and proper.

16

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demands trial by jury on all issues so triable as of right by jury.

Dated: April ____, 2011

Respectfully submitted,

> KRASELNIK & LEE, PLLC
> Robert L Kraselnik (RK 0684)
> C.K. Lee (CL 4086)
> 30 East 39th Street
> Second Floor
> New York, NY 10016
> Tel.: 212-465-1189
> Fax: 212-465-1181
> *Attorneys for Plaintiffs, FLSA Collective Plaintiffs and the Class members*

By: _____
    C.K. LEE (CL 4086)